**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:25-31-KKC-EBA-1** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **GERARDO MARTINEZ-MORALES,** | |
| **Defendant.** | |

Defendant Gerardo Martinez-Morales has filed a Motion to Strike Surplusage (R.18) from the indictment.

The indictment alleges that Martinez-Morales was previously removed from the United States "after a conviction for a felony" in violation of 8 U.S.C. § 1326(a). A person whose removal is subsequent to a felony conviction is subject to an increased penalty of a ten-year maximum prison term instead of a two-year term without the prior felony conviction. With this motion, Martinez-Morales asserts that the government concedes that he does not have a prior felony conviction and, thus, the "after a conviction for a felony" language is inaccurate.

"Federal courts adhere to the historic rule that an indictment may not be amended. The reason is clear: an indictment is an action of the grand jury, and the prosecutor or court may not change the charge that was approved by the grand jury after the fact." § 128 Amendment of Indictments; Surplusage, 1 Fed. Prac. & Proc. Crim. § 128 (5th ed.). Rule 7(d) "rests in part on the theory that a defendant who makes such a motion waives his right not to have the indictment amended." *Id*. The Advisory Committee Notes to the rule states that the rule is intended to protect the defendant against "immaterial or irrelevant allegations in an indictment" that may be prejudicial. Fed. R. Cr. P. 7(d). Cmte Notes. "The Rule is properly invoked when an indictment

contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). "[T]he standard under Rule 7(d) has been strictly construed against striking surplusage." *Id*. "The granting of such a motion is proper. . . only where the words stricken are not essential to the charge." *Id.*

Here, the language at issue is not essential to the charge in the indictment, only to the penalty. Further, both parties agree that it is inaccurate. Finally, it would be prejudicial to a potential jury.

Accordingly, the Court hereby ORDERS as follows:

1) Motion to Strike Surplusage (R.18) from the indictment is GRANTED;

2) the Clerk of the Court SHALL STRIKE by redacting the following language from the redacted indictment filed at Docket Entry 6 and from the unredacted indictment filed at Docket Entry 7: "after a conviction for a felony."

This 7th day of May, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY